IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC X. RAMBERT, | ) |
| | ) |
| Petitioner, | )  Civil Action No. 06-1573 |
| | ) |
| v. | )  Judge David S. Cercone |
| | )  Magistrate Judge Caiazza |
| SUPT. JAMES T. WYNDER, *et al,* | ) |
| | ) |
| Respondents. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus filed by Eric X. Rambert be dismissed as a second or successive petition. It is further recommended that a certificate of appealability be denied.

### II. REPORT

**A. Discussion**

Eric X. Rambert ("Rambert" or "the Petitioner"), a state prisoner, has filed a federal habeas petition pursuant to the provisions of 28 U.S.C. 2254. He seeks to challenge his 1987 state convictions of assault by a prisoner, riot and criminal conspiracy. This is his fourth habeas petition addressed to these charges. His first two petitions, filed at Civil Action Nos. 91-134 and 94-657, were dismissed without prejudice for

failure to exhaust state court remedies. His third petition, however, docketed at Civil Action No. 97-1926, was addressed on its merits, was dismissed, and a certificate of appealability was denied.

Rambert now asserts that he has newly-discovered evidence in the form of an affidavit from another inmate who purports to confess to the crimes Rambert was convicted of in 1987. Rambert presented this claim to the state courts, which concluded that this evidence was merely cumulative of other evidence presented at trial by Rambert to the effect that he was not one of the several inmates who attacked the victim. Rambert wishes this court to review the latest ruling by the state court, but this court lacks jurisdiction to address this petition, and it should be dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications. Tyler v. Cain, 533 U.S. 656, 661-62 (2001). If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. 28 U.S.C. §2244(b)(1). And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on

newly discovered facts that call into question the accuracy of a guilty verdict. 28 U.S.C. §2244(b)(2)(B). The other is for certain claims relying on new rules of constitutional law. 28 U.S.C. §2244(b)(2)(A). In all instances, however, if a prisoner desires to file a second or successive section 2254 petition, AEDPA requires that the petitioner first seek authorization from the Court of Appeals. 28 U.S.C. § 2244(3)(A).

The only question before the court, then, is whether Rambert has filed one or more prior petitions which would make this a second or successive petition for purposes of AEDPA. Rambert's first and second habeas petitions do not count as "previous" petitions since they were dismissed on procedural grounds, and the court never reached the merits of the claims raised therein. Compare, Christy v. Horn, 115 F.3d 201, 208 (3d Cir.1997)(prior petition dismissed without prejudice for failure to exhaust state remedies did not count as a first petition for purposes of AEDPA, as "[t]he problems that the abuse of the writ doctrine seeks to avoid are not implicated when a petition is filed after a prior petition is dismissed for lack of exhaustion."). By contrast, Rambert's third petition, filed at Civil Action No. 97-1926, was dismissed with prejudice and, hence, **does** qualify as a "first petition" for purposes of AEDPA. Murray v. Griener, 394 F.3d 78, 81 (2d Cir. 2005)(dismissal of petition on procedural default grounds, or as untimely, or any other basis erecting permanent

and incurable bar to review, qualifies petition as prior petition for purposes of AEDPA).

Petitioner has already filed a "first" petition for purposes of the AEDPA, and he may not now seek habeas relief with respect to the same state court conviction unless he has first moved "in the appropriate court of appeals for an order authorizing the district court to consider the [second or subsequent] application." 18 U.S.C. §2244(b)(3)(a). This Court cannot exercise jurisdiction here because, as a prerequisite to doing so, the plain language of AEDPA requires that Rambert receive the authorization of the Court of Appeals. Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002); United States v. Kelly, No. 97-0193, 2001 WL 1251208, at *1 (E.D. Pa. July 23, 2001)("Thus, this court is without jurisdiction to review Kelly's current petition before appropriate action is taken in the Court of Appeals."). When a habeas petitioner has not secured permission to file a second or successive petition, the district court's only options are to dismiss the petition or to transfer it to the Court of Appeals. Robinson, supra. This is so since the successive inquiry must be addressed first, as it is jurisdictional in nature. "It would circumvent the intent of the gatekeeping function of §2244 for a district court to proceed to rule on the merits of a second or successive petition or on any affirmative defense before the court of appeals has made a decision whether

to let the petition for habeas corpus proceed in the district court." Id., 313 F.3d at 140.

## B. Certificate of Appealability

A certificate of appealability should be denied because Rambert has not made a substantial showing of the denial of a constitutional right or shown that jurists of reason would disagree that this is a second or subsequent habeas petition. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000)(explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural ground); Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).

## III. CONCLUSION

It is recommended that the Petition for Writ of Habeas Corpus be dismissed as a second or successive petition, and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections

may constitute a waiver of any appellate rights.

s/Francis X. Caiazza<br>Francis X. Caiazza<br>United States Magistrate Judge

Dated: December 20, 2006

cc:
Eric X. Rambert, AM-9223
SCI Dallas
1000 Follies Road
Dallas, PA 18612